STATE OF LOUISIANA                                    NO. 24-K-425

VERSUS                                                FIFTH CIRCUIT

CODY LABRANCHE                                        COURT OF APPEAL

                                                      STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

September 25, 2024

Linda Wiseman
First Deputy Clerk

IN RE CODY LABRANCHE

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE ELLEN SHIRER
KOVACH, DIVISION "K", NUMBER 22-692

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Timothy S. Marcel

**WRIT DENIED**

Relator/defendant, Cody Labranche, seeks review of the trial court's August 28,
2024 ruling denying his motion to suppress statements. For the following reasons,
the writ application is denied.

On June 9, 2022, a Jefferson Parish Grand Jury returned an indictment
charging defendant with two counts of first-degree murder in violation of La. R.S.
14:30(C)(2)[1] and the obstruction of justice in violation of La. R.S. 14:130.1[2].
Defendant filed a motion to suppress custodial statements made on February 11,
2022 and March 2, 2022. After a two-part suppression hearing conducted on July
17, 2024 and August 28, 2024, the trial court denied defendant's motion as it
pertained to the first statement. The trial court declined to issue judgment as to
defendant's second statement on finding the motion premature.[3]

Defendant contends the two statements at issue should be suppressed
because each was illegally and unlawfully obtained. Defendant argues that his first
statement given on February 11, 2022 was a direct result of promises made by
Detective Quaintance to re-open the investigation into his sister's death, and is
therefore, inadmissible. As to his second statement given on March 2, 2022,
defendant argues that he did not knowingly and voluntarily waive his rights,
previous coercion from the first statement had not dissipated, and he invoked his

---

[1] Counts 1 and 2 in the bill of indictment.
[2] Count 3 of the bill of indictment.
[3] At the hearing, the State reported the March 2, 2022 statement would not be introduced at trial in its case in chief.

1

rights prior to giving this statement. Therefore, he contends his second statement was involuntary and inadmissible.

In response, the State asserts that the February 11, 2022 statement was given voluntarily by the defendant after he was confronted with the evidence against him. The State also contends that defendant was never promised a specific outcome on his sister's investigation and nothing of value was ever promised to defendant by the detective in this case. As to the second statement given on March 2, 2022, the State concedes it lacks evidentiary value and does not intend to use it in its case-in-chief at trial.

*Law and Analysis*

For a confession to be admissible, the State must show that it was freely and voluntarily given without influence of fear, duress, intimidation, menace, threats, inducements, or promises. La. R.S. 15:451; La. C.Cr.P. art. 703(D); *State v. Brown*, 16-998 (La. 1/28/22), 347 So.3d 745, 789, *reh'g denied*, 16-998 (La. 3/25/22), 338 So.3d 1138, and *cert. denied*, --U.S. --, 143 S.Ct. 886, 215 L.Ed.2d 404 (2023). Before an inculpatory statement made during a custodial interrogation may be introduced into evidence, the State must prove beyond a reasonable doubt that the defendant was first advised of his *Miranda* rights, that he voluntarily and intelligently waived his *Miranda* rights, and that the statement was made freely and voluntarily and not under the influence of fear, intimidation, menaces, threats, inducements or promises. *State v. Jaramillo*, 23-322 (La. App. 5 Cir. 2/28/24), 382 So.3d 1072, 1077. This "voluntariness" determination is based on the totality of the circumstances under which the statement was given. *Brown*, *supra*.

An accused's statement obtained by direct or implied promises, or by the exertion of improper influence must be considered involuntary and, therefore, inadmissible. *State v. Keller*, 09-403 (La. App. 5 Cir. 12/29/09), 30 So.3d 919, 928-29, *writ denied*, 10-267 (La. 9/17/10), 45 So.3d 1041. Suggestions that a defendant would be better off to cooperate are not promises or inducements designed to extract a confession. *State v. Mouton*, 05-1007 (La. App. 5 Cir. 3/28/06), 2006 WL 6905162 (unpublished opinion), *writ denied*, 06-976 (La. 11/3/06), 940 So.2d 654. Additionally, a confession is not rendered inadmissible because officers "exhort or adjure" an accused to tell the truth, provided the exhortation is not accompanied by an inducement in the nature of a threat or which implies a promise of reward. *Id*.

A trial court has considerable discretion in determining the admissibility of a statement, and its ruling should not be disturbed unless it is unsupported by the evidence. *Brown*, 347 So.3d at 790. A trial court is accorded that deference "because the evaluation of witness credibility often plays such a large part in the context of a motion to suppress a confession." *State v. Tucker*, 13-1631 (La. 9/1/15), 181 So.3d 590, 610, *cert. denied*, 578 U.S. 1018, 135 S.Ct. 1801, 195 L.Ed.2d 774 (2016).

In this writ application, defendant contends the trial court abused its discretion by not granting the defendant's motion to quash his custodial statements to Detective Stephen Quaintance on February 11, 2022 and March 2, 2022. Detective Quaintance testified at the July 17, 2024 hearing regarding the two statements. After defendant's arrest in Tangipahoa Parish, he was transported to the JSPO investigation bureau on February 11, 2022. There, defendant was

2

initially advised of his *Miranda*[4] rights by form, which Detective Quaintance also orally reviewed with defendant. Afterwards, defendant indicated he understood his rights, waived those rights, and proceeded to provide a recorded statement.

Detective Quaintance testified that he interviewed defendant a second time on March 2, 2022. At the onset of his interview, defendant was advised of his *Miranda* rights by a form. Defendant indicated to Detective Quaintance that he understood his rights and chose to waive them. At no point during the second statement did defendant request an attorney, exercise his right to remain silent, or indicate he could not afford an attorney during the interview. Further, according to Detective Quaintance, defendant did not indicate a belief that his statements would not be used in court. Detective Quaintance testified that the second statement, including his *Miranda* advisal, were recorded.

As to his first statement on February 11, 2022, defendant raises two bases in support of its suppression. He asserts, for the first time, that he was not properly advised of his *Miranda* rights because Detective Quaintance did not orally explain them to him. Because this additional argument is raised for the first time by way of this application, we decline to address this basis. *See State v. Berroa-Reyes*, 12-581 (La. App. 5 Cir. 1/30/13), 109 So.3d 487, 496 (citing *State v. Harris*, 414 So.2d 325 (La. 1982)) ("Articulating a new basis for the motion to suppress for the first time on appeal is prohibited under La. C.Cr.P. art. 841, since the trial court would not be afforded an opportunity to consider the merits of the particular claim.").

The second basis asserted by defendant in support of suppressing the February 11, 2022 statement are alleged promises made by Detective Quaintance. Defendant claims that during this interrogation, Detective Quaintance repeatedly made promises to investigate the death of defendant's sister, Brittany, who died from a drug overdose in the apartment she shared with one of the alleged victims. He contends those repeated promises and inducements by Detective Quaintance caused him to capitulate to making an incriminating statement.

Admitted into evidence at the suppression hearing as State's Exhibit 3 is the recording of defendant's February interview by Detective Quaintance. Reviewing this recording, we note the defendant denied involvement in the homicides at the onset of the interview. Detective Quaintance's questioning then focused on presenting defendant with evidence placing him at the murder scene. Defendant was told that law enforcement was aware of his whereabouts before and after the incident, that their suspect's car was similar to his, and that they knew defendant phoned one of the victims two hours before the homicide. Detective Quaintance suggested to defendant that his DNA and fingerprints were collected at the scene. In the course of the interview, defendant repeatedly raised the subject of investigating his sister's death. Detective Quaintance responded by promising to get to that subject later in the interview and led the conversation back to the homicide investigation topic. In his questioning of defendant, Detective Quaintance described the crime scene and shared his theory on the murders, suggesting a scenario where something went wrong when defendant went to the apartment to confront the victims. At the end of this interview, defendant confessed to the murders and to getting rid of the gun.

---

[4] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In review of the record, we do not find the trial court abused its discretion in denying defendant's motion to suppress the February 11, 2022 statement. The evidence presented reflects defendant's inculpatory statements were not the product of a promise or inducement to reopen the investigation into his sister's death.

For foregoing reasons, the writ application is denied. Further, based on the trial court's ruling on August 28, 2024, we pretermit the issues presented in defendant's writ application concerning the March 2, 2022 statement.

Gretna, Louisiana, this 25th day of September, 2024.

**TSM**
**SMC**
**FHW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/25/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-425**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Ellen Shirer Kovach (DISTRICT JUDGE)
Mark D. Plaisance (Relator)                    Thomas J. Butler (Respondent)

### MAILED

Remy V. Starns (Relator)
Attorney at Law
301 Main Street
Suite 700
Baton Rouge, LA 70825

Marcus J. Plaisance (Relator)
Attorney at Law
Post Office Box 1123
Prairieville, LA 70769

Cesar J. Vazquez (Relator)
Attorney at Law
848 2nd Street
Gretna, LA 70053

Carolyn Chkautovich (Respondent)
Assistant District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053

Paul C. Fleming, Jr. (Relator)
Letita J. Parker-Davis (Relator)
Attorney at Law
848 Second Street
Gretna, LA 70053